UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────

KENNETH T. MEYERS,

                          Plaintiff,

            v.                                          9:23-CV-0420
                                                        (GTS/ATB)

SCHOHARIE COUNTYJAIL, et al.,

                          Defendants.

────────────────────────────────

APPEARANCES:

KENNETH T. MEYERS
Plaintiff, pro se
18604
Schoharie County Jail
P.O. Box 159
Howes Cave, NY 12092

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.    **INTRODUCTION**

        In April 2023, plaintiff Kenneth T. Meyers ("plaintiff") commenced this action by filing a

pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  The

complaint contained allegations of wrongdoing that occurred, if at all, while plaintiff was

confined at the Schoharie County Jail ("Schoharie C.J.").  *See generally* Compl.  Plaintiff

asserted excessive force and deliberate medical indifference claims.  *See id.*  Plaintiff did not

pay the statutory filing fee and filed an application to proceed in form pauperis ("IFP").  Dkt.

No. 4 ("IFP Application").

In a Decision and Order filed May 8, 2023 (the "May Order"), the Court granted plaintiff's IFP application, after a review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1), the Court dismissed the complaint.  Dkt. No. 7.  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.  *Id*.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 13 ("Am. Compl.").

## II.      SUMMARY OF AMENDED COMPLAINT

The following facts are set forth as alleged by plaintiff in his amended complaint.

On February 18, 2023, between 5:00 p.m. and 9:00 p.m., defendant Sergeant Keller ("Keller") directed plaintiff to "lock in" because he was moving slowly.  Compl. at 2.  Plaintiff complied with Keller's order and, as he reached the bottom of the stairs, Keller and defendant Officer Johnson ("Johnson") tried to throw plaintiff onto the ground.  *Id*. at 5.  Johnson "yank[ed]" plaintiff's left arm "with force."  *Id*. at 2, 5.  Plaintiff suffered bruising and scratching to his left arm and injuries to his head.  *Id*.   Plaintiff received an ice pack for his head but was denied "proper" medical attention.  Compl. at 5.

Construing the amended complaint liberally, plaintiff asserts excessive force and deliberate medical indifference claims.  *See generally* Am. Compl.  Plaintiff seeks monetary damages.  *See id.* at 4.

## III.     SUFFICIENCY OF AMENDED COMPLAINT

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the May Order

and it will not be restated in this Decision and Order.  *See* Dkt. No. 7 at 2-4.  The Court will

construe the allegations in the amended complaint with the utmost leniency.  *See, e.g.,*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be

held "to a less stringent standards than formal pleadings drafted by lawyers.").

### A.  Claims Against Schoharie C.J.

The law related to the Eleventh Amendment was discussed in the May Order and it

will not be restated here.  *See* Dkt. No. 7 at 6-8.  In the May Order, the Court dismissed

plaintiff's section 1983 claims seeking monetary damages against Schoharie C.J., as barred

by the Eleventh Amendment, with prejudice.  *Id*.  To the extent that plaintiff attempts to

reassert section 1983 claims for monetary damages against Schoharie C.J. in the amended

complaint, those claims are dismissed, with prejudice, for the reasons set forth in the May

Order.

### B.  Excessive Force and Deliberate Medical Indifference Claims

The law related to excessive force and deliberate medical indifference claims was

discussed in the May Order and will not be restated herein.  Dkt. No. 7 at 8-11.  In the May

Order, the Court dismissed plaintiff's claims reasoning, "[p]laintiff failed to plead when or

where the incidents allegedly occurred, the amount of force used, the medical treatment he

requested, to whom he requested treatment, and the response, if any, to his requests.

Indeed, the complaint lacks any specific facts surrounding the alleged incidents."  *Id*. at 12.

With the amended complaint, plaintiff has addressed the deficiencies discussed in the

May Order with respect to the excessive force claims.  At this juncture, plaintiff has

sufficiently plead excessive force claims against to require a response.  In so ruling, the

Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

A different conclusion is reached however, with respect to the deliberate medical indifference claims.  Despite being afforded the opportunity to amend his complaint, plaintiff has failed to remedy the pleading deficiencies identified in the May Order.  Thus, the deliberate medical indifference claims are dismissed pursuant 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 13) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the deliberate medical indifference claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the excessive force claims against Johnson and Keller survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants.  The Clerk shall forward a copy of the summonses and amended complaint to the Office of the Schoharie County Attorney, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: August 22, 2023
　　　　Syracuse, New York

Glenn T. Suddaby
U.S. District Judge